United States District Court
Southern District of Texas

**ENTERED**

January 30, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLIANTGROUP, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3114 |
| | § | |
| BRAD MOLS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, AlliantGroup, L.P., filed this action on June 30, 2016, in the 295th Judicial District Court of Harris County, Texas, under cause number 2016-44206 against defendant, Brad Mols, asserting claims for breach of contract, misappropriation and wrongful use of trade secrets, and for temporary injunction.[1] On September 21, 2016, plaintiff filed a First Amended Petition in the State Court action.[2] On October 20, 2016, defendant filed a Notice of Removal (Docket Entry No. 1). On December 9, 2016, the court entered an Order to Amend Notice of Removal to Allege Facts Establishing Subject Matter Jurisdiction (Docket Entry No. 10), and on January 6, 2017, defendant filed an Amended Notice of Removal (Docket Entry No. 11) that alleges facts sufficient to establish that there is complete diversity of the parties and the amount in controversy exceeds $75,000.

---

[1]Plaintiff's Original Petition, Application for Temporary Injunction and Request for Disclosures, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1.

[2]Plaintiff's First Amended Petition, Application for Temporary Injunction and Request for Disclosures ("First Amended Petition"), Exhibit 5 to Notice of Removal, Docket Entry No. 1-5.

Pending before the court is Defendant's Motion to Dismiss (Docket Entry No. 3) in which defendant asks the court to dismiss Plaintiff's First Amended Complaint in its entirety for lack of personal jurisdiction and/or failure to state a claim for which relief may be granted. On November 14, 2016, plaintiff filed Plaintiff's Second Amended Complaint, Application for Temporary Injunction, and Request for Permanent Injunction (Docket Entry No. 7), and Plaintiff AlliantGroup's Opposition to Defendant Brad Mols' Motion to Dismiss ("Plaintiff's Opposition," Docket Entry No. 8). Although the pending motion to dismiss seeks dismissal of Plaintiff's First Amended Complaint, and plaintiff has since filed a Second Amended Complaint, because the issue of personal jurisdiction raised by the motion to dismiss remains outstanding, instead of merely declaring the motion to dismiss moot and requiring defendant to file a second motion to dismiss, the court has analyzed the arguments made in the pending motion to dismiss in light of the claims asserted in the Plaintiff's Second Amended Complaint, and for the reasons stated below, concludes that the motion to dismiss for lack of personal jurisdiction should be denied because the defendant has consented to personal jurisdiction in this forum, and that the motion to dismiss for failure to state a claim should be granted as to plaintiff's claim for tortious interference but otherwise denied.

## I.  **Background**

Plaintiff is a tax consulting firm with its primary office in Houston, Texas.  Defendant is a citizen of California.  Plaintiff alleges that it employed defendant as a Regional Managing Director pursuant to an Employment Agreement signed by defendant on September 17, 2007, and by plaintiff's Senior Managing Director, Sonny Grover, on September 18, 2007.[3]  In the Employment Agreement, defendant agreed to provide Research and Development Tax consulting services to various clients and prospects of plaintiff in exchange for salary and commission.[4]  The Agreement contained an express choice-of-law and forum-selection clause, stating:

> *Choice of Law/Jurisdiction/Venue:* This Agreement shall be governed in all respects, including, but not limited to, validity, interpretation, effect and performance by the laws of the State of Texas.  The parties agree that proper subject matter and personal jurisdiction shall be had solely in the State of Texas. The sole venue for disputes arising hereunder shall be in Harris County, Texas.[5]

---

[3]First Amended Petition, p. 4, Docket Entry No. 1-5, p. 5, Employment Agreement, Exhibit A thereto, p. 11, Docket Entry No. 1-6, p. 12.  See also Plaintiff's Second Amended Complaint, Application for Temporary Injunction and Request for Permanent Injunction ("Second Amended Complaint"), Docket Entry No. 7, p. 4 and Employment Agreement, Exhibit A thereto, Docket Entry No. 7-1, p. 10.  See also Employment Agreement, Exhibit 1-A to Plaintiff Alliantgroup's Opposition to Defendant Brad Mol's Motion to Dismiss, Docket Entry No. 8-2, p. 12.

[4]Employment Agreement, Exhibit 1A to Plaintiff Alliantgroup's Opposition to Defendant Brad Mol's Motion to Dismiss, Docket Entry No. 8-2, pp. 1-4 Articles IV and V.

[5]Id. at Article IX.E.

3

The Employment Agreement also contained noncompetition, nonsolicitation, and nondisclosure covenants.[6]

Plaintiff alleges that on or about May 2, 2016, defendant resigned from his position and immediately, in violation of the Employment Agreement, began directly competing with plaintiff by soliciting clients and/or CPA contacts that he had come to know while employed by plaintiff, and by using plaintiff's confidential and proprietary information and trade secrets for his own gain.[7] In this action, plaintiff alleges that defendant has been working on behalf of his own new business and has solicited at least three of plaintiff's CPA contacts: Rick Heldwien of Oxnard, California; Jeff Bickel of Salt Lake City, Utah; and Dan Brklacich of Bountiful, Utah.[8]   Plaintiff alleges violations of the noncompetition, nonsolicitation, and nondisclosure provisions of the Employment Agreement, misappropriation and wrongful use of trade secrets in violation of Texas Civil Practices & Remedies Code § 134A.001-002, breach of confidential relationship, and tortious interference, as well as violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g).[9]

---

[6]Id., pp. 6-9, Article VII.

[7]First Amended Petition, p. 4, Docket Entry No. 1-5, p. 6 ¶¶ 13-14; Second Amended Complaint, Docket Entry No. 7, p. 7 ¶ 15.

[8]Second Amended Complaint, Docket Entry No. 7, p. 8 ¶ 18.

[9]Id. at pp. 8-14 ¶¶ 20-40.

## II. **Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant argues that personal jurisdiction is lacking because:

1.  The forum-selection clause is unenforceable because it would be unreasonable and unjust to enforce it, because enforcement would offend the strong public policy of California, and because litigation in Texas would be seriously inconvenient to the parties and witnesses because Defendant and all conceivable witnesses are in California and the surrounding states.

2.  Plaintiff's tort claims fall[] outside the scope of the forum-selection clause, which applies only to claims "arising []under" the employment agreement.

3.  Plaintiff has failed to establish personal jurisdiction, because Defendant lacks minimum contacts with Texas and because Plaintiff's asserted causes of action do not arise out of or result from Defendant's forum-related contacts.

4.  The exercise of personal jurisdiction in Texas over Defendant, a California resident who did none of his work for Plaintiff in Texas, does not comport with traditional notions of fair play and substantial justice.[10]

Plaintiff responds that the forum selection clause is enforceable, the claims alleged all fall within the scope of that clause, and the defendant has minimum contacts with Texas. Plaintiff also argues that it was injured by conduct that the defendant directed at this forum, and that exercising personal jurisdiction will not offend traditional notions of fair play and substantial justice.[11]

---

[10]Defendant's Motion to Dismiss, pp. 3-4, Docket Entry No. 3, pp. 7-8.

[11]Plaintiff's Opposition, pp. 5-17, Docket Entry No. 8, pp. 10-

**A.   Standard of Review**

Dismissal for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2).  When a foreign defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff 'bears the burden of establishing the district court's jurisdiction over the defendant.'"  Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 343 (5th Cir. 2002), cert. denied, 124 S. Ct. 66 (2003) (quoting Mink v. AAAA Development LLC, 190 F.3d 333, 335 (5th Cir. 1999)).  "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'"  Id. (quoting Wilson v. Belin, 20 F.3d 644, 648 (5th Cir.), cert. denied, 115 S. Ct. 322 (1994)).  "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'"  Id. at 344 (quoting Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985)).  The court must accept as true the uncontroverted allegations in the plaintiff's complaint and must resolve in favor of the plaintiff any factual conflicts.

---

[11](...continued)
22.

Guidry v. United States Tobacco Co., 188 F.3d 619, 625 (5th Cir. 1999).  However, the court is not obligated to credit conclusory allegations, even if uncontroverted.  Panda Brandywine Corp. v. Potomac Electric Power Co., 253 F.3d 865, 869 (5th Cir. 2001). "Absent any dispute as to the relevant facts, the issue of whether personal jurisdiction may be exercised over a nonresident defendant is a question of law to be determined . . . by th[e C]ourt." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 418 (5th Cir. 1993).

**B.    Applicable Law**

"A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997), cert. denied, 118 S. Ct. 691 (1998). Moreover, a federal court may only exercise personal jurisdiction over a nonresident defendant if the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. Id. Thus, the court may exercise personal jurisdiction over a nonresident defendant like Mols if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009), cert. denied, 131 S. Ct. 68 (2010).  Since the Texas long-arm statute extends as far as

7

constitutional due process allows, the court considers only the second step of the inquiry.  Id.

Due process is satisfied if the "nonresident defendant has certain minimum contacts with [the forum] such that the maintenance of suit does not offend 'traditional notions of fair play and substantial justice.'"  Gardemal v. Westin Hotel Co., 186 F.3d 588, 595 (5th Cir. 1999) (quoting International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 66 S. Ct. 154, 158 (1945)) (quoting Milliken v. Meyer, 61 S. Ct. 339, 343 (1940)).  "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court.'"  McFadin, 587 F.3d at 759.  If a plaintiff satisfies the due process requirement, a presumption arises that jurisdiction is reasonable, and the burden of proof and persuasion shifts to the defendant opposing jurisdiction to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2185 (1985).

"There are two types of 'minimum contacts':  those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction."  Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001).  See also Panda Brandywine, 253 F.3d at 867–68 (recognizing that a district court may assert either general or

8

specific personal jurisdiction over a party).  This case involves specific jurisdiction.  A court may exercise specific jurisdiction when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. Gundle Lining Construction Corp. v. Adams County Asphalt, Inc., 85 F.3d 201, 205 (5th Cir. 1996) (citing Helicopteros Nacionales de Colombia, S .A. v. Hall, 104 S. Ct. 1868, 1872 n. 8 (1984); and Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 344 (5th Cir. 2002)).  To determine whether specific jurisdiction exists, a court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." Gundle Lining, 85 F.3d at 205.  Even a single contact can support specific jurisdiction if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Burger King, 105 S. Ct. at 2183.  "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."  Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 419 (5th Cir. 1993) (citing World-Wide Volkswagen Corp. v. Woodson, 100 S. Ct. 559 [297] (1980)).

In a diversity case, when the out-of-state defendant has signed a contract agreeing to be sued in a specific venue and

consenting to personal jurisdiction in that venue, federal law applies to determine whether the clause is enforceable. <u>Haynsworth v. The Corporation</u>, 121 F.3d 956, 962 (5th Cir. 1997), <u>cert. denied sub nom. Haynsworth v. Lloyd's of London</u>, 118 S. Ct. 1513 (1998). Under federal law, "[a] forum-selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." <u>Kevlin Services, Inc. v. Lexington State Bank</u>, 46 F.3d 13, 15 (5th Cir. 1995) (per curiam). <u>See also Calix-Chacon v. Global International Marine, Inc.</u>, 493 F.3d 507, 513 (5th Cir. 2007) (recognizing that there is a "strong presumption in favor of enforcement of forum selection clauses") (citing <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 108 S. Ct. 2239, 2246 (1988) (Kennedy, J., concurring) ("a valid forum-selection clause is given controlling weight in all but the most exceptional cases")).

In <u>Kevlin</u>, 46 F.3d at 15, the Fifth Circuit enforced a forum-selection clause and reversed the district court's dismissal for lack of personal jurisdiction. The plaintiff, a Texas resident, executed a contract with a North Carolina bank to administer benefit services to the bank's customers. <u>Id.</u> at 14. The contract provided that Texas law applied and that all disputes would be resolved in Dallas County, Texas. <u>Id.</u> After the plaintiff filed suit in Dallas County, the bank removed the case to federal court and moved to dismiss for lack of personal

jurisdiction. Id. The district court dismissed the case, finding that the forum-selection clause was ambiguous and that plaintiff had otherwise failed to establish the bank had minimum contacts with Texas. Id. The Fifth Circuit reversed, finding that the only reasonable interpretation of the contract was that proper venue was only in Dallas County, Texas. Id. at 15. The court held that

> [b]ecause [the bank] has failed to sufficiently prove
> that the enforcement of the choice of forum provision
> would be unreasonable due to fraud or overreaching, we
> find that the choice of forum provision validly contracts
> for venue in Dallas County, Texas, thereby granting the
> district court jurisdiction over [the bank].

Id. Federal district courts in Texas have followed Kevlin and denied motions to dismiss for lack of personal jurisdiction when the defendant signed a contract containing a forum selection clause designating Texas. See, e.g., Alliantgroup, L.P. v. Feingold, Civil Action No. H-09-0479, 2009 WL 1109093, *6-*9 (S.D. Tex. April 24, 2009) (citing cases).


C.   **Analysis**

    1.   The Parties' Forum Selection Clause is Enforceable

    Plaintiff argues that the Employment Agreement that defendant signed contained a valid forum selection clause designating Harris County, Texas, as a mandatory forum for resolving disputes arising under the contract; choosing Texas law; and consenting to personal jurisdiction solely in the State of Texas.[12]

---

    [12]Id. at 5, Docket Entry No. 8, p. 12.

A forum selection clause may be mandatory or permissive.  A clause is mandatory if the language clearly demonstrates the "parties' intent to make [the forum] exclusive." City of New Orleans v. Municipal Administrative Services, Inc., 376 F.3d 501, 504 (5th Cir. 2004), cert. denied, 125 S. Ct. 1396 (2005).  "Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory." Von Graffenreid v. Craig, 246 F.Supp.2d 553, 560 (N.D. Tex. 2003). By contrast, courts have held forum-selection provisions permissive when the language does not prescribe venue or provide for exclusivity.  See, e.g., Municipal Administrative Services, 376 F.3d at 504 ("A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.").

The clause in the Employment Agreement at issue in this action states that "personal jurisdiction shall be had *solely* in the State of Texas,"[13] and the parties agreed that Harris County, Texas would be the "*sole* venue" for resolving disputes "arising hereunder."[14]

---

[13]Employment Agreement, Exhibit 1-A to Plaintiff's Opposition, Docket Entry No. 8-2, Art. IX, ¶ F) (emphasis added).

[14]Id.

The words "sole" and "solely" are a simple but clear limitation that not only permits but requires Harris County, Texas, to be the forum for this dispute.    The forum-selection clause is thus mandatory and enforceable unless the defendant shows that it is unreasonable.    See Kevlin, 46 F.3d at 14 (finding that a forum selection clause was mandatory that stated "[t]he legal venue of this contract and any disputes arising from it shall be settled in Dallas, County, Texas").    See also Haynsworth, 121 F.3d at 963 ("The presumption of enforceability may be overcome, however, by a clear showing that the clause is '"unreasonable" under the circumstances.'").    Defendant argues that enforcing the forum-selection clause would be unreasonable under the circumstances because the contract was signed in California and performed outside of Texas, and because all conceivable witnesses are located in California or the surrounding states.

In light of the strong presumption in favor of enforcing forum-selection clauses, the Fifth Circuit has limited the scope of the term "unreasonable" for purposes of setting aside a forum selection clause.  See Haynesworth, 121 F.3d at 963; Calix-Chacon, 493 F.3d at 514.   To be unreasonable, the forum-selection clause must have been the product of fraud or overreaching, or enforcement would either deprive the plaintiff of her day in court or a remedy or contravene a strong public policy of the forum state. Haynesworth, 121 F.3d at 963; Calix-Chacon, 493 F.3d at 514.

13

Defendant has not met his substantial burden of rebutting the presumptive validity of the mandatory forum-selection clause. Defendant has neither argued nor presented any evidence capable of proving that the forum-selection clause was the product of fraud or overreaching. Nor has the defendant argued that requiring him to defend plaintiff's claims in Texas would be so inconvenient as to deprive him of his day in court. The Supreme Court has held that if the forum-selection clause is reasonable, the fact that it involves inconvenience and expense does not make it unenforceable. Carnival Cruise Lines, Inc. v. Shute, 111 S. Ct. 1522, 1528 (1991). Plaintiff has a legitimate interest in litigating disputes arising from its employment agreements in the venue of its principal place of business. Because the Employment Agreement plainly states that "personal jurisdiction shall be had *solely* in the State of Texas" and that Harris County, Texas, will be the "sole venue" for resolving disputes "arising hereunder," the court concludes that the forum-selection clause at issue is a mandatory forum-selection clause that is both reasonable and enforceable, and that the defendant has not met his heavy burden to establish that enforcement of the clause would be unreasonable. Accordingly, the court concludes that the forum-selection clause is reasonable and enforceable, and that it coveys personal jurisdiction over the defendant. See Kevlin, 46 F.3d at 15.

2.    The Plaintiff's Tort Claims Do Not Fall Outside of the
      Scope of the Forum-Selection Clause

Defendant argues that even if the forum selection clause is
enforceable, the forum selection clause in this case is narrow and
the plaintiff's tort claims fall outside the scope of that clause.[15]
Defendant argues that

> [h]ere, in addition to its breach of contract claims,
> Plaintiff has pled a statutory misappropriation of trade
> secrets claim under Chapter 134A of the Civil Practice &
> Remedies Code and, "in the alternative," a tortious
> interference claim. These claims plainly sound "strongly
> in tort," and [are] not "factually intertwined" with the
> breach of contract claims. . .
>
> To the extent the forum-selection clause is
> enforceable at all, it does not encompass Plaintiff's
> tort claims. Thus, Plaintiff's tort claims, at least,
> should be dismissed for lack of personal jurisdiction.[16]

Plaintiff responds that

> every claim against [defendant] would not exist but for
> [defendant's] employment and execution of the Contract.
> Consequently, [plaintiff's] claims for misappropriation
> of trade secrets and tortious interference arise from the
> Contract as a matter of law regardless if they are based
> in tort or statute.   In the Contract, [plaintiff]
> bargained for the right to have any dispute between the
> parties be heard in Texas and [defendant] should not be
> allowed to avoid that bargain.[17]

In addition to a claim for breach of contract, Plaintiff's
Second Amended Complaint asserts claims for misappropriation and

---

[15]Defendant's Motion to Dismiss, p. 6, Docket Entry No. 3,
p. 10.

[16]Id.

[17]Plaintiff's Opposition, pp. 10-11, Docket Entry No. 8,
pp. 15-16.

wrongful use of trade secrets, breach of confidential relationship, tortious interference with on-going and/or prospective contracts and/or relationships, and violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g). The Fifth Circuit has expressly rejected a general distinction between tort and contract claims with respect to analysis of whether particular claims fall within the scope of a forum selection clause. <u>Marinechance Shipping, Ltd. v. Sebastian</u>, 143 F.3d 216, 221-22 (5th Cir.), <u>cert. denied</u>, 119 S. CT. 620 (1998) ("We find no persuasive support for such a general distinction."). The Fifth Circuit has instead instructed courts to "look to the language of the parties' contracts to determine which causes of action are governed by the forum selection clauses." <u>Id.</u> at 222. Although the Fifth Circuit has not articulated a specific test for determining when claims fall within the scope of a forum selection clause, other Circuits have articulated "general rules regarding the circumstances in which a forum selection clause will apply to tort claims." <u>Terra International, Inc. v. Mississippi Chemical Corp.</u>, 119 F.3d 688, 694 (8th Cir.), <u>cert. denied</u>, 118 S. Ct. 629 (1997).

In <u>Terra</u> the parties entered into a licensing contract with a forum selection clause providing, in pertinent part, that "[a]ny dispute or disputes arising between the parties hereunder" must be litigated in Mississippi. <u>Id.</u> at 690. After finding that this forum selection clause language applied only to disputes arising

16

under the licensing agreement, the court analyzed whether plaintiff's tort claims arose under the agreement. In doing so the Eighth Circuit recognized the following three tests: (1) whether the tort claims "ultimately depend on the existence of a contractual relationship between the parties;" (2) whether "resolution of the claims relates to interpretation of the contract;" and (3) whether the claims "involv[e] the same operative facts as a parallel claim for breach of contract." <u>Id.</u> at 694 (citing, respectively, <u>Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.</u>, 709 F.2d 190, 203 (3d Cir.), <u>cert. denied</u>, 104 S. Ct. 349 (1983); <u>Manetti-Farrow, Inc. v. Gucci America, Inc.</u>, 858 F.2d 509, 514 (9th Cir. 1988); and <u>Lambert v. Kysar</u>, 983 F.2d 1110, 1121-22 (1st Cir. 1993)). Following the First Circuit's decision in <u>Lambert</u>, 983 F.3d at 1110, the Eighth Circuit held that the forum selection clause at issue applied to plaintiff's tort claims because "[t]he same exact facts surrounding Terra's tort claims would also give rise to a breach of contract claim." <u>Terra</u>, 119 F.3d at 695.

Here, the forum selection clause is contained in an Employment Agreement that delineates the terms of plaintiff's offer to employ defendant as a Regional Managing Director. Although the forum selection clause is not worded as broadly as some forum selection clauses because it only applies to "disputes arising hereunder," in <u>Terra</u> the Eighth Circuit observed that the word "hereunder" in a

forum selection clause typically "refers to the relations that have arisen as a result of this contract." 119 F.3d at 694 (citing cases indicating "that forum selection clauses referring to claims "hereunder" or "under the agreement" can be broad enough to cover contract-related tort claims").

The crux of the plaintiff's complaint is that it entered into an Employment Agreement with defendant to market and provide tax consulting services to plaintiff's clients, that pursuant to that agreement plaintiff entrusted defendant with access to and use of its confidential business, proprietary and trade secret information in order to perform his duties, and that defendant breached the Employment Agreement and the duties that arose therefrom when he resigned without notice, and misappropriated plaintiff's confidential business, proprietary, and trade secret information to build his own business. Because the Employment Agreement contains noncompetition, nonsolicitation, and nondisclosure covenants that continue in effect even after the employment relationship ends,[18] plaintiff's tort claims ultimately depend on the existence of a contractual relationship between the parties, and involve the same operative facts as plaintiff's parallel claim for breach of contract. The court therefore concludes that the plaintiff's non-contract claims fall within the scope of the forum-selection clause

---

[18]Employment Agreement, Exhibit 1-A to Plaintiff's Opposition, Docket Entry No. 8-2, Article VII.

18

included in the parties' Employment Agreement. <u>See</u> <u>Terra</u>, 119 F.3d at 694-95. <u>See also</u> <u>International Software Systems, Inc. v. Amplicon, Inc.</u>, 77 F.3d 112, 115-16 (5th Cir. 1996) (affirming enforcement of forum selection clause "even though [plaintiff] is not technically suing for breach of contract" because "the entire controversy centers around which party's interpretation of the contract is the correct one. . .").

### 3.   <u>Defendant Had Minimum Contacts with Texas</u>

Because the court has already concluded that the forum selection clause in the parties' Employment Agreement is mandatory, enforceable, and reasonable, and that the claims asserted in Plaintiff's Second Amended Complaint fall within — not beyond — the scope of that forum selection clause, the court concludes that by executing the Employment Agreement with the forum selection clause, the defendant consented to personal jurisdiction in this forum. The court therefore concludes that the forum selection clause is dispositive of plaintiff's argument that the court lacks personal jurisdiction, and that the court need not consider defendant's constitutional argument as to personal jurisdiction. <u>See</u> <u>Kevlin</u>, 46 F.3d at 15. <u>See also</u> <u>Carnival Cruise Lines</u>, 111 S. Ct. at 1525 ("Because we find the forum-selection clause to be dispositive of this question, we need not consider petitioner's constitutional argument as to personal jurisdiction.").

4.    Exercise of Personal Jurisdiction Over the Defendant Is
      Fair and Reasonable

In deciding whether it is fair and reasonable to require a
nonresident defendant to litigate in Texas, a court must consider
several factors: (1) the burden on the nonresident defendant;
(2) the interests of the forum state; (3) the plaintiff's interest
in securing relief; (4) the interstate judicial system's interest
in obtaining the most efficient resolution of controversies; and
(5) the shared interest of the several states in furthering
fundamental substantive social policies.   Central Freight Lines
Inc. v. APA Transport Corp., 322 F.3d 376, 384 (5th Cir.
2003)(citing Burger King, 105 S. Ct. at 2185, and Asahi Metal
Industry Co, Ltd. v. Superior Court of California, Solano County,
107 S. Ct. 1026, 1033 (1987)).

> Once a plaintiff establishes minimum contacts between the
> defendant and the forum State, the burden of proof shifts
> to the defendant to show that the assertion of
> jurisdiction is unfair and unreasonable.   Wien Air
> Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir.
> 1999).   The defendant must make a "compelling case."

Central Freight Lines, 322 F.3d at 384 (quoting Burger King, 105 S.
Ct. at 2185).

Asserting that it will be unduly burdensome in time and
expense for him to litigate this case in Texas, that Texas has no
interest in adjudicating a dispute regarding employment of an
employee who resides in California, and that litigating this matter
in California would be a more efficient means of resolving this

20

controversy, defendant argues that assertion of personal jurisdiction over him would offend traditional notions of fair play and substantial justice.[19]  None of these arguments demonstrates that traditional notions of fair play and substantial justice would be offended by asserting personal jurisdiction over defendant in this case.  While litigation in Texas may be inconvenient for defendant, plaintiff would be equally inconvenienced if required to litigate in California.  Texas has an interest in this litigation about a contract with a Texas company, that calls for a Texas forum, and that requires the application of Texas law.  See Marathon Metallic Building Co. v. Mountain Empire Construction Co., 653 F.2d 921, 923 (5th Cir. Unit A Aug. 1981); Central Freight Lines, 322 F.3d at 384 ("Texas would seem to have an interest in adjudicating its domiciliary's breach of contract and tortious interference claims that is sufficient to satisfy Due Process concerns about traditional notions of fair play and substantial justice.").

It is not unfair to require defendant to respond in Texas to an action on an Employment Agreement that he entered into with a Texas corporation and that specified a Texas forum and the application of Texas law.  Exercising personal jurisdiction over defendant in this case does not offend traditional notions of fair

---

[19]Defendant's Motion to Dismiss, p. 8, Docket Entry No. 3, p. 12.

play and substantial justice in light of Texas' interest in the case. See Alliantgroup, 2009 WL 1109093, *10 (citing American Airlines, Inc. v. Rogerson ATS, 952 F.Supp. 377, 381 (N.D. Tex. 1996) (holding that a nonresident defendant's consent to a Texas forum-selection clause, standing alone, was sufficient to satisfy the traditional notions of fair play and substantial justice)). The court concludes that the Employment Agreement's forum-selection clause is binding on the defendant, that by executing the Employment Agreement with the forum selection clause the defendant consented to personal jurisdiction in this forum. Accordingly, the court concludes that defendant's motion to dismiss for lack of personal jurisdiction should be denied.

### III. Motion to Dismiss for Failure to State a Claim

Defendant argues that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted because

> (1) [plaintiff] has failed to sufficiently allege under *Twombly* and *Iqbal* any conduct on the part of Defendant that violates the Employment Agreement; (2) the nonsolicitation clause is governed by California law and is unenforceable under California law; (3) the nonsolicitation clause would be unenforceable under Texas law. Plaintiff has also failed to state a claim for misappropriation of trade secrets or tortious interference because it has failed to sufficiently allege facts supporting the essential elements of those claims.[20]

---

[20]Id. at 2, Docket Entry No. 3, p. 6.

Plaintiff responds that defendant's motion to dismiss for failure to state a claim should be denied because

> (1) it has sufficiently alleged conduct on the part of Mols that violates the Employment Agreement; and (2) the non-solicitation clause is valid and enforceable under both California and Texas law. Alliantgroup has also plead sufficient facts to support its claims for misappropriation of trade secrets and tortious interference by alleging sufficient facts supporting the essential elements of those claims.[21]

## A.    Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

---

[21]Plaintiff's Opposition, p. 3, Docket Entry No. 8, p. 7.

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)).   To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).   This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966).   When considering a motion to dismiss, district courts are able to consider documents that are attached to a motion to dismiss if they are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Tex. A & M Univ., 343 F.3d 533, 536 (5th Cir. 2003) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).   See also Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

**B.   Analysis**

1.   Breach of Contract

Defendant argues that plaintiff has failed to state a claim
for breach of the Employment Agreement because plaintiff has failed
to sufficiently allege any conduct that would be in breach of the
Employment Agreement, and because the nonsolicitation clause of the
Employment Agreement is unenforceable under either California or
Texas law.[22]

The essential elements of a breach of contract claim in Texas
are: (1) the existence of a valid contract; (2) performance or
tendered performance by the plaintiff; (3) breach of contract by
the defendant; and (4) damages sustained by the plaintiff as a
result of the breach. Mullins v. TestAmerica, Inc., 564 F.3d 386,
418 (5th Cir. 2009) (citing Aguiar v. Segal, 167 S.W.3d 443, 450
(Tex.App.-Houston [14th Dist.] 2005, pet. denied)).

Plaintiff's Second Amended Complaint alleges that defendant
breached the Employment Agreement by violating the confidentiality
clause and non-solicitation provision by, inter alia, accessing
confidential and proprietary information contained on a
Alliantgroup laptop computer that improperly remained in the
defendant's possession after he resigned and using that information
to contact three specific Alliantgroup CPA contacts on behalf of

---

[22]Defendant's Motion to Dismiss, pp. 10-15, Docket Entry No. 3,
pp. 14-19.

his new company, i.e., Rick Heldwien of Oxnard, California; Jeff Bickel of Salt Lake City, Utah; and Dan Brklacich of Bountiful, Utah.[23]  Plaintiff also alleges that it was damaged by these actions of the plaintiff.[24]  These allegations of fact are sufficient to survive defendant's Rule 12(b)(6) motion to dismiss plaintiff' breach of contract claim.


### 2.   Misappropriation of Trade Secrets

Defendant argues that plaintiff has failed to state a claim for misappropriation of trade secrets because plaintiff's assertion of misappropriation of trade secrets is devoid of direct allegations of specific facts supporting its cause of action.[25]

To establish a claim for trade secret misappropriation under Texas law, a plaintiff must show (1) the existence of a trade secret; (2) the defendant acquired the trade secret through breach of a confidential relationship or improper means; and (3) the defendant disclosed or used the trade secret without consent. See Education Management Services, LLC v. Tracey, 102 F.Supp.3d 906, 914 (W.D. Tex. 2015) (citing Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 874 (5th Cir. 2013), and Tex. Civ. Prac. & Rem. Code

---

[23]Second Amended Complaint, Docket Entry No. 7, p. 8 ¶ 18.

[24]Id. at 10 ¶ 24.

[25]Defendant's Motion to Dismiss, pp. 15-16, Docket Entry No. 3, pp. 19-20.

§ 134A.002).   The allegations in Plaintiff's Second Amended
Complaint are that defendant accessed confidential and proprietary
information, i.e., the identity and contact information of
plaintiff's clients and/or  CPA contacts, contained on a
Alliantgroup laptop computer that improperly remained in the
defendant's possession after his resignation, that defendant used
the plaintiff's confidential information to contact at least three
specific individuals, Rick Heldwien, Jeff Bickel, and Dan
Brklacich, and that plaintiff was damaged thereby.   These
allegations of fact are sufficient to survive defendant's Rule
12(b)(6) motion to dismiss plaintiff's claim for misappropriation
and wrongful use of trade secrets.[26]


### 3.   Tortious Interference

Defendant argues that plaintiff has failed to state a claim
for tortious interference because plaintiff has failed to state any
facts supporting the elements of such a claim.[27]

To establish a claim for tortious interference with existing
contracts a plaintiff must establish that: (1) contracts existed
that were subject to interference; (2) defendant willfully and
intentionally committed acts of interference; (3) defendant's acts

---

[26]Second Amended Complaint, Docket Entry No. 7, pp. 10-12
¶¶ 25-31.

[27]Defendant's Motion to Dismiss, p. 16, Docket Entry No. 3,
p. 20.

proximately caused damages; and (4) actual damages.   Faucette v. Chantos, 322 S.W.3d 901, 913 (Tex.App.-Houston [14 Dist.] 2010, no pet.) (citing Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 926 (Tex. 1993)).   To prevail on a claim of tortious interference with prospective contracts, a plaintiff must additionally establish that the defendant's conduct was independently tortious or wrongful Id. at 914 (citing Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 726 (Tex. 2001)).   See also Advanced Nano Coatings, Inc. v. Hanafin, 478 Fed. Appx. 838, 845 (5th Cir. 2012) (setting forth elements of a claim for tortious interference with prospective contract).

> Plaintiff alleges:
>
> Pleading in the alternative, and without waiving the preceding, ALLIANTGROUP would show that MOLS tortuously interfered with ALLIANTGROUP's on-going and/or prospective contracts/relationships with its clients and/or CPA contacts.  MOLS actions are not privileged or justified. MOLS' willful and malicious interference is a proximate cause of the damages complained of by ALLIANTGROUP herein.[28]

These allegations in Plaintiff's Second Amended Complaint are not sufficient to state a claim for tortious interference with either an existing or a prospective contract because plaintiff has failed to allege facts capable of establishing that contracts existed that were subject to interference, that defendant willfully and intentionally committed acts of interference, that defendant's acts proximately caused damages, or that defendant committed an

---

[28]Second Amended Complaint, Docket Entry No. 7, p. 12 ¶ 34.

independently tortious or unlawful act. The court concludes therefore that plaintiff's claim for tortious interference should be dismissed for failure to state a claim for which relief may be granted.

### IV. <u>Conclusions and Order</u>

For the reasons stated in § II, above, the court concludes that by executing the forum selection clause contained in the parties' Employment Agreement, the defendant consented to personal jurisdiction in this forum. Thus the defendant is not entitled to dismissal for lack of personal jurisdiction.

For the reasons stated in § III, above, the court concludes that plaintiff's claim for tortious interference fails to state a claim for which relief may be granted, but that plaintiff's other claims are sufficient to survive defendant's motion to dismiss for failure to state a claim for which relief may be granted.

Accordingly, Defendant's Motion to Dismiss, Docket Entry No. 3, is **GRANTED** as to plaintiff's claim for tortious interference which is hereby **DISMISSED WITH PREJUDICE**, but otherwise **DENIED**.

**SIGNED** at Houston, Texas, on this 30th day of January, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE