IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLIANTGROUP, L.P. | |
| v. | CIVIL ACTION NO. 4:16-cv-03114 |
| BRAD MOLS | |

# DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AND COUNTERCLAIM

Defendant Brad Mols files this answer to Plaintiff Alliantgroup, L.P.'s Second Amended Complaint, Application for Temporary Injunction and Request for Permanent Injunction; and addition files this counterclaim complaining of Plaintiff.

## I. ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant responds to the allegations in the numbered paragraphs of Plaintiff's Second Amended Complaint as follows:

1.  Plaintiff admits the allegations in Paragraph 1.

2.  Defendant admits the allegation in Paragraph 2 that he is an individual who resides in California. Defendant denies that he has conducted business in the State of Texas as that term is understood under the Texas long-arm statute. Defendant has appeared subject to his objection to personal jurisdiction in Texas. Defendant may be served pursuant to the Federal Rules of Civil Procedure.

3.  Defendant denies the allegations in Paragraph 3.

4.  Defendant admits the allegation that the "Contract" contains a forum selection clause designating Harris County, Texas, but denies that the Contract is enforceable or that venue is proper in Harris County, Texas.

5.      Defendant admits the allegations in subparagraphs i, l, m, and n of Paragraph 5 and that he entered a contract with Plaintiff, but denies that these allegations constitute sufficient contacts to confer personal jurisdiction in Texas. Defendant admits that he attended management meetings in Houston Texas and that he and his wife attended holiday parties and corporate functions in Houston Texas as alleged in subparagraphs j and k, but denies that they were "numerous" and denies that these allegations constitute sufficient contacts to confer personal jurisdiction in Texas. Defendant denies the remaining allegations of Paragraph 5.

6.      Defendant admits that he entered a contract containing a consent-to-jurisdiction clause, but denies that it is enforceable. Defendant admits that he removed this matter to this Court, but denies that this fact has any relevance to the issue of personal jurisdiction.

7.      Defendant admits the allegations of Paragraph 7.

8.      Defendant admits the allegations of Paragraph 8.

9.      Defendant denies that his responsibilities while he worked for Plaintiff extended "throughout the United States." Defendant denies that he worked for Alliantgroup for "more than 11 years." Defendant admits that he negotiated and executed client contracts with clients located in Arizona, Californa, Colorado, and Utah. Defendant denies that he negotiated and executed client contracts with clients located in Texas. Defendant denies that Phoenix is a state. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that he negotiated client contracts with clients located in the remaining listed states. Defendant admits the remainder of Paragraph 9.

10. Defendant denies that he was "provided with extremely high level confidential and proprietary information, and trade secrets even to the exclusion of most others employed by" Plaintiff, or that he became a multi-millionaire "[u]sing this information." Defendant admits the remainder of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant admits that the block quote in Paragraph 13 appears to be an accurate quote of a portion of the document attached as Exhibit A, but avers that the document speaks for itself. Defendant denies the remainder of Paragraph 13.

14. Defendant admits that the block quotes in Paragraph 14 appear to be accurate quotes of portions of the document attached as Exhibit A, but avers that the document speaks for itself. Defendant admits that he entered into the contract attached as Exhibit A, but denies that it is enforceable.

15. Defendant admits that he resigned from Alliantgroup on or about May 2, 2016. Defendant denies the remainder of Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies that he made any of the "solicitations" referenced in Paragraph 19. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's consent or approval to any solicitations.

20. Paragraph 20 contains no allegations.

21. Defendant admits that the Contract contains post-employment covenants, but denies that they are valid or enforceable. Defendant admits that the block quote in Paragraph 21 appear to be an accurate quote of a portion of the document attached as Exhibit A, but avers that the document speaks for itself. Defendant denies the remainder of Paragraph 22.

22. Defendant admits that the block quotes in Paragraph 22 appear to be accurate quotes of portions of the document attached as Exhibit A, but avers that the document speaks for itself. Defendant denies the remainder of Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Paragraph 25 contains no allegations.

26. Defendant denies the allegations in Paragraph 26. Defendant also denies that Texas law applies to this claim.

27. Defendant denies the allegations in Paragraph 27. Defendant also denies that Texas law applies to this claim.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Paragraph 33 contains no allegations.

34. The claim asserted in Paragraph 34 been dismissed by the Court pursuant to Rule 12(b)(6). To the extent necessary, Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Paragraph 36 contains no allegations.

37. Defendant denies the allegations in Paragraph 37. Defendant also denies that Texas law applies.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Paragraph 41 contains no allegations.

42. Paragraph 42 contains no factual allegations, but Defendant denies that Plaintiff is entitled to the relief requested therein.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44. Defendant also denies that Texas law applies.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant admits that the block quote in Paragraph 47 appear to be an accurate quote of a portion of the document attached as Exhibit A, but avers that the document speaks for itself. Defendant denies that this fee-shifting provision is enforceable. Defendant denies the remainder of the allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48 and denies that Plaintiff is entitled to any of the relief requested.

## II. Affirmative Defenses

Defendant asserts the following affirmative defenses against Plaintiff's claims.

49.     **California law applies.** Under Texas conflict-of-laws principles, the state law claims asserted by Plaintiff are governed by California law. California has the most significant relationship to the transaction and parties, because Defendant has at all times relevant to this case been a California resident, the relationship between the parties arises from Defendant's employment by Plaintiff primarily in California, the contract between Plaintiff and Defendant was executed by both parties in California, any information received by Defendant from Plaintiff was received primarily in California, and Defendant's business activities since leaving employment with Plaintiff have been centered in California. The employment agreement is governed by California law despite the Texas choice-of-law clause, because the application of Texas law to the enforceability of the post-employment covenants would be contrary to the fundamental policy of California, which has a materially greater interest than Texas in the determination of that issue and whose law would otherwise apply under the "most significant relationship" test. California has a materially greater interest than Texas in the employment relationship between the parties that was entered into and primarily located in California and in Defendant's right to seek employment and do business in California, the state of his residence. Application of Texas law to the enforcement of post-employment covenants would be contrary to the fundamental policy of California as expressed in CAL. BUS. & PROF. CODE § 16600 as discussed below.

50. **The post-employment covenants are void under California law.** The post-employment covenants are void under California law, which provides, with exceptions not applicable here, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." CAL. BUS. & PROF. CODE § 16600. These covenants constitute a restraint of a substantial character on Defendant's ability to engage in his profession, trade, or business. This includes the nondisclosure covenant, whose overly broad scope extends well beyond actual confidential or proprietary information of Plaintiff. The covenants extend far beyond what is necessary for the protection of any trade secrets, confidential information, or other legitimate business interests of Plaintiff. They are also unlimited in geographical scope.

51. **The post-employment covenants are unenforceable under Texas law.** To the extent Texas law applies, the post-employment covenants are not ancillary to an otherwise enforceable contract and are unreasonably overbroad. They lack any geographical limitation, and are overly broad in the scope of activities restrained. They are broader than necessary to protect any legitimate business interest of Plaintiff. The non-solicitation covenants prohibit Defendant from soliciting even clients and "referring CPAs" with whom he had no personal contact while employed by Plaintiff. To the extent the covenants may be reformed, Plaintiff is barred from recovering money damages for pre-reformation breach.

52. **Illegality.** The employment agreement is void for illegality. Its purpose was to engage Defendant to market Plaintiff's services wherein Plaintiff regularly fraudulently billed clients.

53.     **Against public policy.** Plaintiff's contractual claims are barred because the contract is void as against public policy as described above.

54.     **Unclean hands.** Plaintiff is not entitled to the equitable relief requested because it comes to the Court with unclean hands as described above.

55.     **Texas proportional responsibility.** Plaintiff's damages were caused by its own negligent or wrongful conduct and by the negligent or wrongful conduct of third parties over which Plaintiff has no control. To the extent Texas law applies, Plaintiff's tort damages, if any, must be barred or reduced pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

56.     **Failure to mitigate.** Plaintiff has breached its duty to mitigate its damages, and any recovery must be limited to the amount of damages that it would have suffered had it not breached this duty.

57.     **Exemplary damages cap.** To the extent Texas law applies, any exemplary damages claimed by Plaintiff are subject to the cap provided by Chapter 41 of the Texas Civil Practice & Remedies Code.

58.     **Unconstitutionality of exemplary/punitive damages.** Defendant asserts that any assessment of exemplary or punitive damages in any amount or in an excessive amount in this case would violate: the Excessive Fines Clause of the Eighth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; the rights guaranteed under the Fourth, Fifth, and Sixth Amendments to the United States Constitution; and analogous rights under the Texas and California constitutions. Additionally, the standards for awarding exemplary or punitive damages are constitutionally inadequate and result in a disparity of

treatment of similarly situated defendants, and therefore violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the equal protection guarantees of the Texas and California constitutions.

58. **Unconscionability.** The employment agreement is unenforceable because it is procedurally and substantively unconscionable.

59. **Attorney fee provision unconscionable.** The fee-shifting provision of the employment agreement, which allows only Plaintiff to recover fees, is unenforceable because it is procedurally and substantively unconscionable.

60. **Attorney fee claim pre-empted by TEX. BUS. & COM. CODE § 15.52.** To the extent Texas law applies, Plaintiff's claim for attorney's fees under Chapter 38 and under the contract are pre-empted by TEX. BUS. & COM. CODE § 15.52, which provides that the remedies provided by section 15.51 of that statute are exclusive.

61. **"Trade secrets" and "confidential information" were readily ascertainable through proper means.** Plaintiff's claim for misappropriation of trade secrets and confidential information is barred because the "trade secrets" and "confidential information" it claims were misappropriated by Defendant were readily ascertainable through proper means.

### III. COUNTERCLAIM

Defendant asserts the following counterclaims against Plaintiff.

62. **Attorney's fees under Tex. Bus. & Com. Code § 15.51(c).** The primary purpose of the employment agreement containing the post-employment covenants is to obligate Defendant to render personal services. Plaintiff knew at the time of the execution of the agreement that it did not contain limitations as to time, geographical

area, and scope of activity to be restrained that were reasonable, and the agreement imposed a greater restraint than necessary to protect Plaintiff's goodwill or other business interests. Plaintiff has sought to enforce the post-employment covenants to a greater extent than necessary to protect its goodwill or other business interests. Thus, to the extent Texas law applies, Defendant requests the award of costs, including reasonable attorney's fees, in defending this action under TEX. BUS. & COM. CODE § 15.51(c).

63. **Attorney's Fees under CAL. CIV. CODE. § 1717.** As set out in Plaintiff's complaint, the employment agreement purports to allow Plaintiff, and not Defendant, to recover attorney's fees and costs incurred in the enforcement of the employment agreement. California law applies to the employment agreement, and CAL. CIV. CODE § 1717 provides that, where a contract contains such a fee-shifting provision, the prevailing party "whether he or she is the party specified in the contract or not" is entitled to the recovery of reasonable attorney's fees. Defendant requests the award of costs and attorney's fees under this statute.

64. **Declaratory Judgment.** Defendant respectfully requests, pursuant to TEX. CIV. PRAC. & REM. CODE § 37.003, CAL. CODE CIV. P. § 1060, and 28 U.S.C. § 2201(a), a judicial declaration of the rights of the parties under the employment agreement. Defendant respectfully requests that the Court declare: (1) that California law applies to the agreement; (2) that its post-employment covenants are void as against California public policy; (3) in the alternative, that its post-employment covenants are overbroad and unenforceable under California or Texas law; and (4) that Defendant is not in breach of the post-employment covenants. To the extent Texas law applies, Defendant

respectfully requests costs and reasonable and necessary attorney's fees under TEX. CIV. PRAC. & REM. CODE § 37.009.

65. **Attorney's fees under the Uniform Trade Secrets Act.** Plaintiff has made its claim for misappropriation of trade secrets in bad faith. Defendant respectfully requests the award of attorney's fees under CAL. CIV. CODE § 3426.4 or TEX. CIV. PRAC. & REM. CODE § 134A.005.

## IV. CLAIM FOR RELIEF

66. For the reasons stated above, Defendant Brad Mols respectfully request that the Court enter a judgment that Plaintiff Alliantgroup, L.P. take nothing on its claims, that the Court render a declaratory judgment as requested in paragraph 64, that Defendant recover from Plaintiff costs and attorney's fees, and for such other and further relief to which Defendant may be entitled at law or in equity.

          Respectfully Submitted,

          ABRAHAM, WATKINS, NICHOLS,
          SORRELS, AGOSTO & AZIZ


          */s/ Brian S. Humphrey II*
          **Brian S. Humphrey II**
          S.D. Tex. No. 2202829
          Texas Bar No. 24074456
          800 Commerce Street
          Houston, Texas 77002
          (713) 222-7211
          (713) 225-0827 (Fax)
          bhumphrey@abrahamwatkins.com

          *Attorney in Charge for Defendant*


**OF COUNSEL:**
Randall O. Sorrels
S.D. Tex. No. 1115
Texas Bar No. 18855350
rsorrels@abrahamwatkins.com
ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & AZIZ
800 Commerce Street
Houston, Texas 77002
(713) 222-7211
(713) 225-0827 (Fax)

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing was served on the following counsel of record by electronic service on February 13, 2017:

 **John T. Simpson**
 ALLIANTGROUP, L.P.
 3009 Post Oak Blvd., Suite 2000
 Houston, Texas 77056
 (713) 212-1452
 (713) 350-3626 (Fax)
 john.simpson@alliantgroup.com
 *Attorney for Plaintiff Alliantgroup, L.P.*

            */s/ Brian S. Humphrey II*
            Brian S. Humphrey II