IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLIANTGROUP, L.P., | § |
|     *Plaintiff*, | § § § |
| vs. | §   NO. 4:16-CV-03114 |
| BRAD MOLS, | § § § |
|     *Defendant*. | § § |

**ALLIANTGROUP, L.P.'S ORIGINAL ANSWER
AND DEFENSES TO BRAD MOLS' COUNTERCLAIM**

ALLIANTGROUP, L.P. ("ALLIANTGROUP") files this Original Answer and Defenses to Brad Mols' Counterclaim to each corresponding paragraph as set forth therein as follows:

**ANSWER TO COUNTERCLAIM**

**III.    COUNTERCLAIM**

62. ALLIANTGROUP admits that the primary purpose of the Employment Agreement to which the restrictive covenants therein are ancillary or part of was entered into in connection with Mols at-will employment to render personal services to ALLIANTGROUP. ALLIANTGROUP further admits that Texas law applies in all respects to the Employment Agreement. Except as expressly admitted, ALLIANTGROUP denies the remaining allegations contained in paragraph 62 and further denies that Mols is entitled to any relief under TEX. BUS. & COMM. CODE § 15.51(c) or otherwise against ALLIANTGROUP.

63. ALLIANTGROUP admits that it, but not Mols, shall be entitled to recover its reasonable attorney's fees and costs incurred in enforcement of any provision of the Employment Agreement in the event of Mols' breach. Except as expressly admitted, ALLIANTGROUP

denies the remaining allegations contained in paragraph 63 and further denies that Mols is entitled to any relief under CAL. CIVIL CODE § 1717 or otherwise against ALLIANTGROUP.

64. ALLIANTGROUP denies the allegations, if any, in paragraph 64 and further denies that Mols is entitled to any of the declarations requested therein. Each of the requested declarations have either already been established as the law of the case in favor of ALLIANTGROUP and/or are within the relief already requested in ALLIANTGROUP's original claims against Mols. Therefore, declaratory relief is unavailable to Mols. *See BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex.1990). Because Mols is not entitled to the declaratory relief sought, ALLIANTGROUP denies that Mols is entitled to any relief under TEX. CIV. PRAC. & REM. CODE § 37.009 or otherwise against ALLIANTGROUP.

65. ALLIANTGROUP denies the allegations contained in paragraph 65 and further denies that Mols is entitled to any relief under CAL. CIVIL CODE § 3426.4, TEX. CIV. PRAC. & REM. CODE § 134A.005, or otherwise against ALLIANTGROUP.

## IV. CLAIM FOR RELIEF

66. For the reasons set forth above and below, ALLIANTGROUP denies that Mols is entitled to any relief from ALLIANTGROUP and respectfully requests that the Court enter a judgment that Mols take nothing on his claims and that ALLIANTGROUP have and recover its reasonable attorney's fees and costs incurred in defense of those claims and all such other and further relief to which it may be entitled at law or in equity.

### **DEFENSES TO COUNTERCLAIM**

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, ALLIANTGROUP pleads the following defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit:

### First Defense

Mols' Counterclaim should be dismissed, in whole or in part, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

### Second Defense

Because Mols (improperly) invoked the Texas Uniform Declaratory Judgments Act, ALLIANTGROUP seeks its reasonable and necessary attorney's fees and costs under Tex. Civ. Prac. & Rem. Code § 37.009.

\* \* \* \*

ALLIANTGROUP reserves the right to plead additional defenses as the facts of this case are developed.

- 4 -

                                                                     Respectfully submitted,

                                                                     */s/ John T. Simpson*
                                                                     John T. Simpson, Jr.
                                                                     Texas State Bar No. 00794639
                                                                     Federal Bar No. 19690

**OF COUNSEL:**

Allan H. Neighbors, IV
Texas Bar No. 24033660
S.D. Tex. Bar No. 34398
aneighbors@littler.com
Matthew L. Simmons
Texas Bar No. 24075076
S.D. TX Bar No. 2284591
mlsimmons@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

Matthew J. Marzullo
Texas State Bar No. 24078935
Federal Bar No. 1487536
Matt.Marzullo@alliantgroup.com
3009 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 212-1452
Facsimile: (713) 350-3626

                                          John.Simpson@alliantgroup.com
                                          3009 Post Oak Blvd., Suite 2000
                                          Houston, Texas 77056
                                          Telephone: (713) 212-1452
                                          Facsimile: (713) 350-3626

                                          **ATTORNEY IN CHARGE FOR PLAINTIFF ALLIANTGROUP, L.P.**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2017, I electronically filed the foregoing document using the CM/ECF system, which will automatically send notification of this filing to the following counsel of record:

Mr. Randy O. Sorrels
TBN: 18855350
Mr. Brian S. Humphrey, II
TBN: 24074456
ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & FRIEND
800 Commerce Street
Houston, TX 77002
Tel: 713-222-7211
Fax: 713-225-0827
Email: rsorrels@abrahamwatkins.com
Email: bhumphrey@abrahamwatkins.com

ATTORNEYS FOR DEFENDANT BRAD MOLS

                                                               */s/ Allan H. Neighbors, IV*
                                                                Allan H. Neighbors, IV

Firmwide:146051518.1 065011.1012