# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ALLIANTGROUP, L.P., | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | NO. 4:16-CV-03114 |
| BRAD MOLS, | § § § | |
| *Defendant.* | § § | |

### PLAINTIFF ALLIANTGROUP, L.P.'S EMERGENCY MOTION FOR SANCTIONS AGAINST *PRO HAC VICE* ATTORNEYS ROB HENNING AND DUYEN NGUYEN

Plaintiff alliantgroup, L.P. ("alliantgroup" or "Plaintiff") files this emergency motion and respectfully requests that this Court sanction *Pro Hac Vice* Attorneys Rob Henning ("Henning") and Duyen Nguyen ("Nguyen") (together, the "*Pro Hac* Attorneys") for their blatant and continuous breaches of the Rules of Discipline of the United States District Court Southern District of Texas and the Southern District of Texas's Guidelines for Professional Conduct. Plaintiff also respectfully requests that the Court award alliantgroup the fees it was forced to expend in filing this Motion, as well as costs incurred by alliantgroup, which have been caused by the *Pro Hac* Attorneys' conscious obstruction and improper delay tactics.

## I.
## EMERGENCY MOTION

Plaintiff alliantgroup requests that this Motion for Sanctions be considered in an expedited manner as it has a pending deposition of one of the *Pro Hac* Attorneys' clients in Irvine, California scheduled and confirmed by the *Pro Hac* Attorneys for 9:30 a.m. on Friday, June 9, 2017. *See* Declaration of Matthew L. Simmons attached hereto as **Exhibit A**, at ¶ 2. However, at 6:42 p.m. CST on Wednesday, June 7, 2017, the *Pro Hac* Attorneys informed

1

alliantgroup's counsel for the first time that their client will not be attending the deposition, allegedly because their client told them that he has a prior engagement. Ex. A, at ¶ 3. As described in detail below, this constant delay of discovery sought by alliantgroup has become a pattern and practice for the *Pro Hac* Attorneys in the matter before this Court. As a result, Plaintiff respectfully requests that the Court sanction the *Pro Hac* Attorneys to compensate alliantgroup for the costs incurred due to the *Pro Hac* Attorneys' recalcitrance and improper delay tactics and to prevent further misconduct in the future.

## II.
## REQUEST FOR ORAL HEARING

Plaintiff alliantgroup respectfully requests an oral hearing on its Motion for Sanctions. Plaintiff believes that an oral hearing on the Motion for Sanctions will be beneficial to the Court as it will shed more light on the *Pro Hac* Attorneys' improper actions and allow the Court an opportunity to ask questions and evaluate the veracity of the reasons provided by the *Pro Hac* Attorneys for their numerous delays in this case. Lead Counsel for alliantgroup will be traveling today to Irvine, California for the Jared Kaufman deposition tomorrow morning, but will be available for a telephonic oral hearing any time after 1:00 p.m. CST. Matthew L. Simmons, *of counsel* for alliantgroup, will also be available for an oral hearing any time from the time of filing to 1:00 p.m. CST today as he is traveling to Irvine, California for the deposition as well. As yet another option, *of counsel* Matthew J. Marzullo is generally available all day today for a hearing.

# III.
# INTRODUCTION AND BACKGROUND

A. **Lawsuit Basis.**

In this lawsuit, alliantgroup alleges the following causes of action against its former Regional Managing Director, Defendant Mols, related to his unfair competition against alliantgroup: (1) breach of contract related to his employment/non-solicitation agreement with alliantgroup; (2) misappropriation and wrongful use of trade secrets; (3) breach of confidential relationship; (4) tortious interference; and (5) violations of the Computer Fraud and Abuse Act (Doc. 7).

Within thirty (30) days after Defendant Mols resigned from his position at alliantgroup, he admittedly began performing competing services for a company called Prime Tax Group, LLC ("Prime"), whose managing member is Parakore Corporation ("Parakore") (together, the "Competing Entities"). The Competing Entities are allegedly owned and operated by a former coworker of Defendant Mols's at alliantgroup, Ms. Angela Torres, who resigned on the same day as Defendant Mols. The Competing Entities are also known to utilize the services of another former alliantgroup employee, Daniel Lewicki, as well as another individual, Jared Kaufman. Defendant Mols acknowledges that he receives a hefty *thirty percent* (30%) of the Competing Entities' net profit and he further testified that his hand-selected "co-contractor" Mr. Daniel Lewicki receives the same percentage.

B. **The *Pro Hac* Attorneys' Appearance and Conduct.**

Since April 28, 2017, alliantgroup's counsel has been diligently attempting to retrieve documents and testimony through Federal Subpoenas on the following individuals and entities: (1) Jared Kaufman, (2) Daniel Lewicki, (3) Prime Tax Group, LLC, and (4) Parakore Corporation. Ex. A, at ¶ 4. The deadlines for the third parties' compliance with each of these

Federal Subpoenas were (1) June 9, 2017, (2) May 25th (testimony) and May 30, 2017 (documents), (3) May 30, 2017, and (4) May 30, 2017, respectively.[1] *Id*. Moreover, in an attempt to locate and serve Mr. Jared Kaufman, and due to alliantgroup's understanding that Mr. Kaufman was consistently and repeatedly attempting to evade service of process, alliantgroup also served a Federal Subpoena for the testimony of his father, Mr. Norbert Kaufman. Ex. A, at ¶ 5. **To date, although every entity and individual above has been properly served with their respective Federal Subpoena, not a single document or word of testimony has been provided to alliantgroup**. Ex. A, at ¶ 6. The Common factor to all of the above entities and individuals is that they are represented by the same lawyers, the *Pro Hac* Attorneys. Ex. A, at ¶ 7. As the Court will see from the experiences below, the *Pro Hac* Attorneys are conducting a strategy of conscious obstruction and delay which should not be allowed to continue.

**(1)   Jared Kaufman**

Upon information and belief, Mr. Jared Kaufman actively avoided service of his document and testimony subpoenas for over a month. Ex. A, at ¶ 8. In fact, Plaintiff alliantgroup expended thousands and thousands of dollars in process server and private investigator fees to ultimately track down and serve Mr. Jared Kaufman. Ex. A, at ¶ 9. Mr. Jared Kaufman was finally served with his document and testimony subpoenas on May 30, 2017, just after he ran his car into the car of the private investigator who was attempting to serve him. Ex. A, at ¶ 10. On Tuesday, June 6, 2017, alliantgroup's counsel confirmed with Ms. Nguyen over the telephone that Mr. Jared Kaufman was attending his noticed deposition on Friday, June

---

[1] In the meantime, alliantgroup has produced – or agreed to produce - a number of key witnesses for deposition in this case, including: (1) Caroline Lake, alliantgroup Director, (2) Lynn Hedlund, Senior Managing Director, and, last, but certainly not least, (3) Dhaval Jadav, Chief Executive Officer. Unlike Defendant, alliantgroup has produced – or agreed to produce – every key witness noticed by Defendant in this case.

9, 2017 at 9:30 a.m. Ex. A, at ¶ 11. At that time, alliantgroup's counsel informed Ms. Nguyen that he was booking his hotel and airfare based on her representation. *Id*.

As stated above, at 6:42 p.m. CST on Wednesday, June 7, 2017, the *Pro Hac* Attorneys informed alliantgroup's counsel that their client will not be attending the deposition because their client told them that he has a prior engagement. Ex. A, at ¶ 2. If the deposition of Mr. Jared Kaufman does not move forward as planned and promised on June 9, 2017, alliantgroup has suffered and will continue to suffer expenses related to this last minute cancellation. Ex. A, at ¶ 12. Furthermore, although the timing for Mr. Jared Kaufman's compliance with the document subpoena has yet to expire (due June 9th), based on the *Pro Hac* Attorneys' pattern and practice in this case, alliantgroup fully expects the *Pro Hac* Attorneys to send a letter to alliantgroup on June 9th refusing to produce a single document (because they have done so previously on three other occasions, as explained more fully below).

**(2) Daniel Lewicki**

The *Pro Hac* Attorneys entered this case by filing a Motion to Quash Subpoena from Alliantgroup directed towards Mr. Lewicki (Doc. 27). As explained by Mr. Lewicki's declaration (Doc. 27-1), he retained the *Pro Hac* Attorneys two full weeks before they filed the motion on his behalf. Nevertheless, the *Pro Hac* Attorneys waited until the last day to inform alliantgroup that Mr. Lewicki would completely object to all requests in the document subpoena and then to file Mr. Lewicki's Motion to Quash, despite numerous communications with alliantgroup's counsel prior to the deadline. Ex. A, at ¶ 13. One of those many communications between alliantgroup's counsel and Mr. Lewicki's counsel occurred on May 18, 2017 whereby the *Pro Hac* Attorneys informed alliantgroup's counsel that Mr. Lewicki would not attend his scheduled deposition on May 25, 2017. Ex. A, at ¶ 14. Plaintiff's counsel informed the *Pro*

*Hac* Attorneys that Mr. Lewicki had been provided more than sufficient time to comply with the subpoena, as he was served on May 9, 2017, sixteen (16) days prior to the deposition date. Ex. A, at ¶ 15. Accordingly, Plaintiff's counsel attended the scheduled deposition in Houston, Texas and obtained a certificate of non-appearance for Mr. Lewicki. Ex. A, at ¶ 16.

As the *Pro Hac* Attorneys' delay tactics continue, they initially informed alliantgroup's counsel that Mr. Lewicki was not available for deposition until July 2017; however, they recently acknowledged that he is available any time from June 28-30. Ex. A, at ¶ 17. Plaintiff's counsel has scheduled Mr. Lewicki's deposition with the *Pro Hac* Attorneys to occur on June 28th. Ex. A, at ¶ 18. However, based on the improper conduct above in relation to Jared Kaufman and the conduct that will be highlighted below—having an agreed deposition date does not mean that the deposition will actually occur as scheduled. Given the *Pro Hac* Attorney's delay efforts in this case so far, alliantgroup fully anticipates that they will <u>again</u>, wait until a day or two before the deposition, and then <u>again</u> claim to be unavailable for deposition, and refuse to proceed. alliantgroup respectfully seeks the Court's assistance in resolving these repeated delays and ensuring that the *Pro Hac* Attorneys understand that they are required to fully comply with Texas rules and procedures in this case.

**(3 & 4)**          **Prime Tax Group, LLC and Parakore Corporation**

Similar to the other document subpoenas to the *Pro Hac* Attorneys' other clients, on the last day to comply with the Prime Tax Group, LLC and Parakore Corporation subpoenas, and in lieu of filing a motion to quash or properly asserting objections to their subpoenas, the *Pro Hac* Attorneys instead decided to simply submit objections on behalf of the purported owner of the

Competing Entities, Ms. Angela Torres.[2] Ex. A, at ¶ 19. The *Pro Hac* Attorneys then refused to produce any responsive documents to the subpoenas to the Competing Entities, despite an agreement to produce documents by June 2, 2017. Ex. A, at ¶ 20.

**(5)   Norbert Kaufman**

As stated above, because alliantgroup believed that Jared Kaufman was repeatedly attempting to evade service, in an effort to locate and serve him, alliantgroup also served Jared Kaufman's father with a Federal Subpoena to Testify. Ex. A, at ¶ 21. Like with Mr. Lewicki, at the last moment the *Pro Hac* Attorneys sent a letter to alliantgroup's counsel on May 18, 2017 informing him that Mr. Norbert Kaufman would not attend his May 22, 2017 deposition in Irvine, California. Ex. A, at ¶ 22. Plaintiff's counsel informed the *Pro Hac* Attorneys that Mr. Kaufman had been provided more than sufficient time to comply with the subpoena, as he was served on May 10, 2017, twelve (12) days prior. Ex. A, at ¶ 23. Accordingly, Plaintiff's counsel attended the scheduled deposition in California and obtained a certificate of non-appearance for Mr. Norbert Kaufman. Ex. A, at ¶ 24. The *Pro Hac* Attorneys' representation of Norbert Kaufman is particularly troubling since they now also represent Jared Kaufman. Jared Kaufman's active avoidance of service delayed the discovery process and Mr. Norbert Kaufman and the *Pro Hac* Attorneys likely assisted his service avoidance measures.

The above five examples of the *Pro Hac* Attorneys' strategy of conscious obstruction and delay coupled with their representation of almost all co-conspirators in this unfair competition case shows their true intent. If the *Pro Hac* Attorneys are able to continue to skirt the applicable

---

[2] alliantgroup and Ms. Torres are also currently embroiled in an ongoing arbitration before JAMS in Orange County, California, the Honorable Judge Judith M. Ryan (Ret.) presiding, pursuant to Ms. Torres' arbitration agreement with the Company and per Court order.

rules of conduct, alliantgroup will continue to be prejudiced by the delay and incur additional costs associated with the delays.

## IV.
## **MOTION FOR SANCTIONS**

Plaintiff seeks sanctions against the *Pro Hac* Attorneys pursuant to Fed. R. Civ. P. 11(b) and 37 (to the extent the malfeasance of counsel is also considered discovery abuse). It is clear from the pattern and practice detailed above, that the *Pro Hac* Attorneys' final hour cancellation of the Jared Kaufman deposition is being presented for an improper purpose—to harass, cause unnecessary delay, and needlessly increase the cost of litigation. On information and belief, the *Pro Hac* Attorney's misconduct therefore violates Rule 11(b) (Representations to the Court). Moreover, by appearing before this Court via the *pro hac vice* procedures, Mr. Henning (Doc. 30) and Ms. Nguyen (Doc. 29) agree to be bound by the Rules of Discipline of the United States District Court Southern District of Texas (the "Rules of Discipline"), as well as all other rules of conduct set forth in the Southern District of Texas's Local Rules and Judge Lake's Court Procedures. *See, generally* L.R. 83.1, Appd'x A and D. Specifically, Rule 7 of the Rules of Discipline confers disciplinary jurisdiction on this Court for specially admitted attorneys. L.R., at Appd'x A. Further, Rule 1 of the Rules of Discipline states:

> "A. Lawyers who practice before this court are required to act as mature and responsible professionals, and the minimum standard of practice shall be the Texas Disciplinary Rules of Professional Conduct.
> B. Violation of the Texas Disciplinary Rules of Professional Conduct shall be grounds for disciplinary action, but the court is not limited by that code."

Furthermore, the *Pro Hac* Attorneys must abide by the Guidelines of Professional Conduct which include the following:

**A.** In fulfilling his or her primary duty to the client, a lawyer must be ever conscious of the broader duty to the judicial system that serves both attorney and client.
**B.** A lawyer owes, to the judiciary, candor, diligence and utmost respect.

**C.** A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves.
**D.** A lawyer unquestionably owes, to the administration of justice, the fundamental duties of personal dignity and professional integrity.
**E.** Lawyers should treat each other, the opposing party, the court, and members of the court staff with courtesy and civility and conduct themselves in a professional manner at all times.
**H.** A lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or counsel's client.
**I.** Lawyers will be punctual in communications with others and in honoring scheduled appearances, and will recognize that neglect and tardiness are demeaning to the lawyer and to the judicial system.

L.R., at Appd'x D.

As highlighted in detail above, the *Pro Hac* Attorneys are not acting as responsible professionals by their failure to provide candor, cooperation, professional integrity, and honoring scheduled appearances. Moreover, their pattern and practice showcases their ill intent and purposeful delay. Since this is an emergency motion for relief, alliantgroup has not had sufficient time to gather and calculate the damages and additional expenses incurred due to the *Pro Hac* Attorneys' bad conduct, but will supplement with an affidavit proving such damages if sanctions are awarded.

## V.
## CONCLUSION

Based on the foregoing, alliantgroup respectfully submits that the pattern and practice for the *Pro Hac* Attorneys in the matter before this Court necessitates that the Court sanction the *Pro Hac* Attorneys to compensate alliantgroup for the costs incurred due to the *Pro Hac* Attorneys' improper conduct and to prevent further misconduct in the future.

Respectfully submitted,

*/s/ John T. Simpson*
John T. Simpson, Jr.
Texas State Bar No. 00794639
Federal Bar No. 19690
John.Simpson@alliantgroup.com
3009 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 212-1452
Facsimile: (713) 350-3626

**ATTORNEY IN CHARGE FOR PLAINTIFF ALLIANTGROUP, L.P.**

OF COUNSEL:

Allan H. Neighbors, IV
Texas Bar No. 24033660
S.D. Tex. Bar No. 34398
aneighbors@littler.com
Matthew L. Simmons
Texas Bar No. 24075076
S.D. TX Bar No. 2284591
mlsimmons@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

Matthew J. Marzullo
Texas State Bar No. 24078935
Federal Bar No. 1487536
Matt.Marzullo@alliantgroup.com
3009 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 212-1452
Facsimile: (713) 350-3626

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2017, I electronically filed the foregoing document using the CM/ECF system, which will automatically send notification of this filing to all counsel of record, including those admitted *pro hac vice*.

*/s/ Matthew L. Simmons*
Matthew L. Simmons